IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES L. SPENCER, ET AL.                                    PLAINTIFFS

vs.                                  CASE NO. **3:04CV159GH**

DANIEL W. YOUNG, ET AL.                                    DEFENDANTS

## ORDER

Plaintiffs filed this action alleging that defendant Young was negligent in the operation of his tractor trailer resulting in a traffic accident in which plaintiffs were injured. Plaintiffs also sue Young's employer, alleging that it is vicariously liable for Young' negligence. Defendants have answered and counterclaimed, asserting that plaintiffs were negligent and that they are liable for damages to defendants' vehicle.

Pending before the Court are supplemental motions in limine of plaintiffs and defendants. Plaintiffs ask that defendants be precluded from introducing evidence that plaintiff James Spencer had been drinking, had five unopened beers in his vehicle, and did not have his headlights on.

This is the exact motion filed by plaintiffs on February 5, 2005, and addressed by the Court in its May 5, 2005, Order. At the time the Court could not find that the evidence plaintiffs seek to exclude is not relevant. Plaintiffs have not presented any new law or evidence for the Court to change its ruling of May 5, 2005. Thus, plaintiffs' supplemental motion in limine is denied.

Defendants seek to preclude plaintiff James Spencer's treating physician, Dr. Charles Schultz, from testifying about James Spencer alleged permanent impairment. Defendants contend that Schultz, in his deposition, did not establish the impairment to a reasonable degree of medical certainty and thus, his opinion, amounts to speculation. Initially, the Court denied the motion without prejudice to renew as defendants had not submitted the deposition testimony.

Schultz is a neurologist who treated Spencer as a result of the injuries Spencer suffered on January 31, 2004.

Defendants have now submitted the deposition testimony.  Defendants rely on page 36 of the deposition wherein Schultz states that Spencer had permanent impairment in multiple areas but was unable to give or assess an impairment rating in the specific areas.

Spencer was referred to Schultz by Dr. Jason Merrick.  Schultz was asked to evaluate the injuries form the motor vehicle accident.  Schultz saw Spencer on June 11, 2004, and found that Spencer had mild deficits in attention and concentration, that he had decreased strength in his right arm and hand grip, and a weak right ankle.  He had decreased sensation over the right lower leg, over the right hand and over the fourth and fifth digits of the left hand, and a decreased sensation over the left chin and over most of the left lower face.

As a result of a nerve conduction study, Schultz found that Spencer had neurogenic changes in the right hand, indicating local muscle damage involving the right first dorsal interosseous muscle; right abductor pollicis brevis muscle; and right abductor digiti minimi muscles.  His right leg showed evidence of neurogenic changes involving local muscle damage involving the right anterior tibialis and right medial gastric muscles.  There was evidence of acute denervation with abnormality of the left lower facial nerves, sparing the left frontalis muscle and the left orbicularis oculi muscles.

Schultz saw Spencer again on July 26, 2004.  He was having similar symptoms and similar complaints, including frequent joint pain, pain in his legs, and headaches as well as chin and muscle spasms, memory loss, wandering behavior and dizziness.. He was also having sweating and panic reactions when riding on highways and around intersections.

Schultz saw Spencer again on August 20, 2004.  His condition remained much the same.  Spencer stated that he was having difficulty writing things down, recognizing family members and experiencing sudden episodes of confusing and

difficulty understanding.  He had pain in his neck and back, and was still having muscle twitching and spasms in his chin and slurred speech.

Spencer's condition was the same when Schultz saw him on September 24, 2004.  He continued to have numbness over his medial and lateral aspect of his leg, he was unable to walk a hundred feet without stopping and he was still experiencing post-traumatic stress disorder symptoms when riding in the car.  The MRI results of the cervical spine revealed  mild disk degenerative changes at C5-6 in the neck and the MRI of the lumbosacral spine showed degenerative disk disease at L5-S1.

Schultz opined that it was possible that the degenerative disk disease could have been caused by the type of trauma Spencer experienced in the accident, but did not know for sure.  As Spencer was having a lot of difficulty with dizziness and balance, Schultz performed dizziness and balance testing on Spencer.  The testing showed that Spencer had a right peripheral nervous system abnormality.

Schultz saw Spencer again on November 8, 2004 and on January 7, 2005, when Spencer's condition remained much the same.  He continued to have difficulties with headaches, slurred speech, occasional stuttering, low-back and facial weakness, pain and problems with his right legal, dizziness, and continued problems with his neck.

Schultz last saw Spencer on February 18, 2005, and his condition remained basically unchanged.  Schultz stated that he was attempting to regulate Spencer's medications, and that Spencer would continue to need medical treatment.

Schultz was then asked during the deposition:

Q: . .  Now, does Mr Spencer, in your opinion, have any type of permanent disability?  . . .

A: I think that he does have a permanent impairment in multiple areas.

Q: Okay.  And can you anticipate any future treatment that he would need?

.   .   .

A: .   .   . . . [F]rom a neurology standpoint, he's probably going to need continued treatment for his headaches and his —some of the other things that are going on.  He's going to , you know, need treatment for his neck and back pain which,

you know, may worsen with time.

Q: Okay.  Doctor, in your opinion, would you say that Mr. Spencer's headaches, his dizziness, his post-traumatic stress, and the other symptoms that he complained to you about–can you say that those were caused by this accident?

A : I believe they were.

Q: And can you say that within a reasonable degree of medical certainty?

A: Yes.

Q: Okay, in your opinion, was your treatment necessary to Mr. Spencer's health and possible recovery?

A: Yes.

(deposition of Schultz pages 21-22).

It is clear, based on the above, that Spencer has offered sufficient evidence to establish that there was a causal connection between the accident and the injury. Here, Schultz stated that, to within a reasonable degree of medical certainty,  the symptoms of which Spencer complained and to which Schultz testified were caused by the accident.  The Court is not persuaded that Schultz's testimony is speculation or conjecture.

Thus, defendants' motion in limine is denied.

Accordingly, plaintiffs' motion in limine and defendants' motion in limine are denied.  Defendants' motion for leave to amend their counterclaim is hereby granted.

IT IS SO ORDERED this 2nd  day of December, 2005.

_George Howard, Jr._
UNITED STATES DISTRICT JUDGE