IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES L. SPENCER, ET AL.                                              PLAINTIFFS

vs.                                   CASE NO. **3:04CV159GH**

DANIEL W. YOUNG, ET AL.                                              DEFENDANTS

## ORDER

Pending before the Court are motions in limine filed by the parties.

(1) **Defendants' motion in limine to exclude evidence of settlement with Brandy Spencer and evidence of Brandy Spencer's accident-related injuries (docket entry 47)**: :

Defendants seeks to exclude evidence that defendant has settled with Brandy Spencer as well as any evidence concerning her accident--related injuries. Brandy Spencer was a passenger in the vehicle. Defendants state that evidence of Ms. Spencer's injuries are irrelevant as they are distinctly different from Mr. Spencer's alleged damages. Defendants further argue that the prejudicial effect of evidence of Ms. Spencer's injuries would outweigh its prejudicial effect. In particular, defendants assert that the jury might confuse the issues and that the jury may assume that the case between Ms. Spencer and defendants has settled.

Plaintiff states he does not intend to introduce any evidence of the settlement. Thus, the first issue is moot. Plaintiff further states that evidence of Ms. Spencer's accident-related injuries is relevant to the issue of the severity of the accident and the impact of the collision.

The Court agrees that the evidence may be relevant. The Court will deny the motion without prejudice to renew at the time it is proffered.

(2) **Plaintiff's motion in limine to exclude criminal convictions (docket entry no. 49):**

-1-

Plaintiff states that evidence of his criminal convictions is irrelevant to this case, in which plaintiff seeks damages for injuries sustained as a result of an traffic accident with defendant Young.

Defendants seeks admission of (1) a 1996 theft conviction which was based on conduct in the nature of embezzlement under Fed. R. Evid. 609(a)(2); (2) thirteen hot check convictions in 1998 under Fed. R. Evid. 609(a)(2); and (3) guilty pleas in 2002 to two DWI charges, on public intoxication charge and one charge for possession of a controlled substance as admissions which are contrary to sworn testimony of Spencer in his deposition and which are alleged to be relevant to defendants' defenses to Spencer's damages.

The Court cannot, at this time, determine whether the admission of the evidence would be more prejudicial than probative.  The Court will be in a better position to determine its admissibility at the time it is proffered.

Therefore, the motion in limine is denied without prejudice to renew.

(3) **Plaintiff's Motion for Reconsideration and Supplement to Motion in Limine (docket entry #53):**

Plaintiff once again seeks to exclude evidence that plaintiff had consumed a beer defendants be precluded from introducing evidence that plaintiff James Spencer had been drinking, had five unopened beers in his vehicle, and did not have his headlights on.

The Court ruled on this motion two times previously.  Plaintiff has not presented any new evidence or argument for the Court to find at ths time that the evidence plaintiff seeks to exclude is not relevant.  The Court, however, will deny the motion in limine without prejudice to renew at the time the evidence is proffered.

Accordingly, the motions in limine are denied without prejudice to renew; the motion for reconsideration is denied.

IT IS SO ORDERED this 31st day of May, 2006.

*George Howard, Jr.*

———————————————————
UNITED STATES DISTRICT JUDGE